1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **CENTRAL DISTRICT OF CALIFORNIA**

10

11    LAURA W. AKINS,                    )    NO. ED CV-06-00033-SS
                                         )
12                   Plaintiff,          )
                                         )    **MEMORANDUM DECISION AND ORDER**
13              v.                       )
                                         )
14    JO ANNE B. BARNHART,               )
      Commissioner of the Social         )
15    Security Administration,           )
                                         )
16                   Defendant.          )
      _____)

17

18        Laura W. Akins ("Plaintiff") brings this action seeking to overturn

19   the decision of the Commissioner of the Social Security Administration

20   (hereinafter the "Commissioner" or the "Agency") denying her application

21   for Disability Insurance Benefits and Supplemental Security Income

22   Benefits.  Alternatively, she asks for a remand.  The parties consented,

23   pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned

24   United States Magistrate Judge.  Pursuant to the Court's Case Management

25   Order, the parties filed a joint stipulation ("Jt. Stip.") on November

26   15, 2006.   For the reasons stated below, the decision of the

27   Commissioner is REVERSED and REMANDED for further proceedings.

28

1

2

## PROCEDURAL HISTORY

3

4       On November 6, 2003, Plaintiff filed an application for Disability

5   Insurance Benefits ("DIB") under Title II and Title XVIII of the Social

6   Security Act.  (Administrative Record ("AR") 57-59).  She alleged a

7   disability onset date of December 4, 2002.  Plaintiff complained of

8   "pain in [her] low back to toes of left foot."  She also alleged that

9   the morphine she was prescribed to manage her pain affected her mental

10  functioning, including memory and thinking.  (AR 64).

11      The Agency denied Plaintiff's claim for benefits initially and upon

12  reconsideration.  (AR 43, 48).  Upon Plaintiff's request, a hearing was

13  held before Administrative Law Judge ("ALJ") Helen Hesse.  ALJ Hesse

14  issued a decision denying benefits on June 7, 2005.  (AR 276-321,8-17).

15  On December 2, 2005 the Appeals Council refused to review the ALJ's

16  decision.   (AR  3-5).    As  such,  the  ALJ's  opinion  became  the

17  Commissioner's final decision. (Id.).  Plaintiff subsequently commenced

18  the instant action.

19

## FACTUAL BACKGROUND

20

21

22      Plaintiff is forty-six years old and earned a Certificate of

23  Medical Assisting in 1983.  (AR 279, 303).  She worked as a medical

24  assistant before becoming disabled.  (AR 316).  Plaintiff currently

25  earns $200 per week working as a caregiver to an eighty-nine-year-old

26  widow.  She works up to eight hours a day, four or five days a week.

27  (AR 281).

28

2

1    Plaintiff states that she was unable to work due to pain in her
2    "lower back down to [her] toes," and numbness and tingling.  (AR 288).
3    She claims that she had difficulty sleeping because of pain in her hips
4    caused by fibromyalgia.  (AR 289).  She also alleges that she had
5    difficulty sitting or standing for more than fifteen or twenty minutes
6    at a time and that she had to lay down for about six hours during an
7    eight-hour period.  (AR 294-295).

8

9    Plaintiff was prescribed morphine, methadone and vicodin for her
10   pain.  (AR 291).  She states that the medications made her "very, very
11   drowsy, and mentally and emotionally, [] not very clear-headed."  She
12   explained that her husband told her she often repeated herself and was
13   very forgetful.  (AR 295).  Plaintiff also attributes her alleged
14   emotional instability to the proximate death of her son.  (AR 296).  She
15   alleges that she had "pretty chronic depression and anxiety" and asthma.
16   (AR 298).  Plaintiff was prescribed Q-var and an Albuterol inhaler to
17   treat her asthma.  (AR 299).

18

19   **A.   <u>Dr. Geisse's Evaluation of Plaintiff</u>**

20

21   Plaintiff had been under the care of Dr. Hans C. Geisse at the
22   Chronic Pain Management Program at Kaiser Permanente since January 7,
23   2004.  (AR 274-275).  Plaintiff was treated for her "constant pain" and
24   "chronic depression."  Dr. Geisse found that Plaintiff's outlook and
25   function had improved with treatment by a "multidisciplinary team that
26   include[d] medical individual visits for medication management and
27   adjustments."  (<u>Id.</u>).

28

1    According to Dr. Geisse, Plaintiff had "only minimal ability to

2    sit, stand, walk without having to rest and change in position." (Id.)

3    Additionally, he "strongly doubt[ed] that she would be able to hold any

4    form of gainful employment given the above described limitations."

5    (Id.).

6

7    **B.   <u>Dr. Barrett's Evaluation of Plaintiff</u>**

8

9    On June 10, 2004, Dr. Bart Barrett wrote an evaluation of

10   Plaintiff. (AR 251). Plaintiff worked for Dr. Barrett for eight years

11   before becoming disabled. (Id.). Dr. Barrett noted that it was

12   difficult for Plaintiff to perform her duties at work due to her

13   "debilitating" pain. According to Dr. Barrett, Plaintiff could "not

14   walk, stand or sit for more than two hours before she [required] rest

15   due to severe pain." (Id.). Although Dr. Barrett concluded that

16   Plaintiff was "at best several years away from being able to return to

17   any form of work[,]" it is unclear if Plaintiff had been under his care.

18   (Id.).

19

20                 **THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

21

22   To qualify for disability benefits, a claimant must demonstrate a

23   medically determinable physical or mental impairment that prevents her

24   from engaging in substantial gainful activity[1] and that is expected to

25   result in death or to last for a continuous period of at least twelve

26   _____

27        [1]    Substantial gainful activity means work that involves doing
     significant and productive physical or mental duties and is done for pay
28   or profit.  20 C.F.R. § 404.1510.

                                    4

months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 404.1520.  The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

(2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)   Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)   Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

\\

\\

5

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d
949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-
404.1520(f)(1).

The claimant has the burden of proof at steps one through four, and
the Commissioner has the burden of proof at step five.  Bustamante, 262
F.3d at 953-54 (citing Tackett).  Additionally, the ALJ has an
affirmative duty to assist the claimant in developing the record at
every step of the inquiry.  Id. at 954.  If, at step four, the claimant
meets her burden of establishing an inability to perform past work, the
Commissioner must show that the claimant can perform some other work
that exists in "significant numbers" in the national economy, taking
into account the claimant's residual functional capacity,[2] age,
education, and work experience.  Tackett, 180 F.3d at 1098, 1100;
Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(f)(1).  The Commissioner
may do so by the testimony of a vocational expert or by reference to the
Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart
P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240
F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has
both exertional (strength-related) and nonexertional limitations, the
Grids are inapplicable and the ALJ must take the testimony of a
vocational expert.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000)
(citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

---

[2]    Residual functional capacity is what "[one] can still do
despite [her] limitations" and represents an assessment "based upon all
the relevant evidence in [one's] case record."  20 C.F.R. § 404.1545(a)

1

**STANDARD OF REVIEW**

2

3      Under 42 U.S.C. § 405(g), a district court may review the
4   Commissioner's decision to deny benefits.  The court may set aside the
5   Commissioner's decision when the ALJ's findings are based on legal error
6   or are not supported by substantial evidence in the record as a whole.
7   Aukland v.  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing
8   Tackett, 180 F.3d at 1097); Smolen v.  Chater, 80 F.3d 1273, 1279 (9th
9   Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

10

11      "Substantial evidence is more than a scintilla, but less than a
12   preponderance."  Reddick, 157 F.3d at 720 (citing Jamerson v. Chater,
13   112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which
14   a reasonable person might accept as adequate to support a conclusion."
15   Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279).  To
16   determine whether substantial evidence supports a finding, the court
17   must "'consider the record as a whole, weighing both evidence that
18   supports and evidence that detracts from the [Commissioner's]
19   conclusion.'"  Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2
20   F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support
21   either affirming or reversing that conclusion, the court may not
22   substitute its judgment for that of the Commissioner.  Reddick, 157 F.3d
23   at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

24

25

**DISCUSSION**

26

27      Plaintiff raises several challenges to the ALJ's decision,
28   including that the ALJ failed to provide any reasons for rejecting the

7

third-party testimony of Plaintiff's friend, Deborah McDonald. (AR 88-94). Because the Court finds that this omission requires a remand, the Court does not reach any of Plaintiff's alternative arguments.

### The ALJ Was Required To Provide Reasons For Rejecting The Third-Party Testimony That Are Germane To That Witness

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. July 25, 2006); Smolen, 80 F.3d at 1288; 20 C. F. R. §§ 404.1513(d)(4) & (e), and 416.913(d)(4) & (e). The ALJ may discount the testimony of lay witnesses only if she gives "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); see also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." (citations omitted)). Failure to provide express reasons may only be overlooked if no reasonable ALJ would have reached a different decision. See Stout, 454 F.3d at 1055 (a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).

Here, the third-party witness, Deborah McDonald, described Plaintiff as having limitations lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks and concentrating. (AR 93). The witness stated that all the above

1    actions caused Plaintiff extreme pain.  (Id.).  She also stated that
2    Plaintiff could not lift a gallon of milk without pain and that
3    Plaintiff could not walk more than one short block.  (Id.).  She
4    described Plaintiff's daily activities as mostly sitting, laying down,
5    and talking.  (AR 92).

6

7         The Court cannot say that no reasonable ALJ would have come to a
8    different decision after considering this witness's testimony.  Although
9    Plaintiff returned to work after March 2005, there is substantial
10   evidence in the record concerning her severe impairments prior to that
11   date.   Much of this evidence is consistent with Ms. McDonald's
12   statements.  As such, the case must be remanded so that the ALJ can
13   comply with the requirements set forth in Stout and prior cases
14   governing lay witness testimony.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2

3          Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT

4   IS ORDERED that judgment be entered REVERSING and REMANDING the decision

5   of the Commissioner for further administrative proceedings in accordance

6   with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court

7   serve copies of this Order and the Judgment on counsel for both parties.

8

9   DATED: March 5, 2007.

10

11                                        /s/
                                _____
12                              SUZANNE H. SEGAL
                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26          [3]     This sentence provides: "The [district] court shall have power
27   to enter, upon the pleadings and transcript of the record, a judgment
     affirming, modifying, or reversing the decision of the Commissioner of
28   Social Security, with or without remanding the cause for a rehearing."

10